**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**


Ricky SANCHEZ,

       Plaintiff,

vs.                                 No. 1:11-CV-659 ACT/RHS

Albuquerque Police Officers,
Joshua RICHARDS, Benjamin MELENDREZ

       Defendants.


**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Motion In Limine of Plaintiff Ricky Sanchez To Bar Inquiry Into Previous Criminal Convictions filed on April 14, 2012 [Doc. 28]; Defendants' Response To Plaintiff's Motion In Limine: To Bar Inquiry Into Previous Criminal Convictions filed on April 24, 2012 [Doc. 29]; and Plaintiff's Reply to Response To Motion In Limine of Plaintiff Ricky Sanchez To Bar Inquiry Into Previous Criminal Convictions filed May 8, 2012 [Doc. 31].

Plaintiff failed to follow the Local Civil Rules of the United States District Court for the District of New Mexico.   The Local Rules require that prior to filing a motion the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."  D.N.M.LR-Civ. 7.1(a).  Here, Plaintiff makes no mention of any inquiry to opposing counsel much less that he made a "good faith

request for concurrence." All parties must comply with the Local Rules and every effort should be made to narrow the issues presented to the Court. Here, a telephone call could possibly have served to save the parties and this Court the time expended addressing some of the issues raised in this Motion. Counsel is cautioned that any future violations of the Local Rules may be met with sanctions in addition to a summary denial of the motion without consideration of the merits.

I.   Background

This case arises from an alleged incident which occurred on September 4, 2010 at about 1:30 in the morning near Central and Third Street. Plaintiff alleges that he was walking up Central during a time that many people were leaving various businesses. A large group of people, including Plaintiff, were asked to clear the street by police. Plaintiff and his friend moved to the corner where they continued to stand "hoping to meet girls." [Doc. 1-1 at p. 2.] They were told to move along and completely clear out of the nightclub area. Plaintiff said "F--king cops, they are always trying to harass somebody" or similar words, but "not directly talking to any officer in particular." [*Id.*] When Plaintiff walked away, he was allegedly "aggressively shoved from behind" by Defendant Richards. [*Id.*]  As a result, Plaintiff alleges he began bleeding from his head, suffered two broken fingers and also suffered a back injury. [*Id.* at p. 3.] He was taken to the Presbyterian Hospital for treatment. He was charged with disorderly conduct, resisting, evading, and obstructing an officer, and assault on an officer. All charges were dismissed on December 16, 2010. He asserts that he has been harassed on at least three different times since filing his tort claim notice. [*Id.*]

Plaintiff's Complaint states the following claims: Count I- Fourth Amendment Claim: Excessive Force Plaintiff v. Defendant Joshua Richards; Count II- Fourth and Fourteenth Amendment Claim: Prosecution without Probable Cause Plaintiff v. Defendant Richards; Count

III- Retaliation for Exercise of First Amendment Right of Freedom of Speech, Plaintiff v.

Defendants Richards and Melendrez[1];  Count IV- State Law Claim for Battery Plaintiff v.

Defendant Richards; Count V- State Law Claim for Malicious Prosecution Plaintiff v. Defendant

Richards.

Plaintiff states that he anticipates that he will testify at trial and seeks to exclude any

inquiry in cross-examination by Defendants into his prior convictions and charges based on

Fed.R.Evid. 403, 608 and/or 609. [Doc. 28 at p. 1.] He lists the following convictions and

charges which he anticipates he may be questioned on:  (1) a guilty plea to DUI in 2007; (2) a

guilty plea to aggravated DUI in 1998; (3) a guilty plea to DUI in 1997; (4) a charge for

trafficking a controlled substance currently pending before the Honorable Denise Barela

Shepherd; (5) a plea of no contest in 2000 to a charge of contributing to the delinquency of a

minor; (6) a proceeding involving Child Support Enforcement; (7) a 2003 plea of no contest to

Felon in Possession of a Firearm; (8) an Aggravated Assault Charge from 2006 [2] ; and (9) a 1996

and a 2001 charge for failure to comply with a police officer's orders. [Doc 28 at pp. 1-2.]

Defendants respond that they seek to question Plaintiff about "the events in question"

(presumably the above itemized criminal charges and convictions) to rebut Plaintiff's claims for

damages. [Doc. 29 at p. 1.]  Defendants state that they anticipate that Plaintiff will "claim that he

suffered and was traumatized as a result of having to face criminal charges." [Doc. 29 at p. 2.]

Defendants state that they will "seek to cross examine Plaintiff into whether his arrest on felony

charges caused him more emotional trauma" than the incident which is the subject of this

---

[1]Defendant Melendrez has been dismissed from the case. [Doc. 35.]

[2]It is not clear from Plaintiff's Motion if this aggravated assault charge was a conviction or a no contest plea. [Doc. 28 at p. 2.]

3

lawsuit. [*Id.* ] They also "seek to question Plaintiff as to whether his prior criminal history affected his ability to obtain employment." [*Id.*]

## II.  Analysis

    A.  <u>Rules of Evidence relied upon by Plaintiff</u>.

    Plaintiff seeks to exclude questions on his above described criminal history based generally on Fed.R.Evid. 403, 608 and 609.

    Fed.R.Evid. 403 provides that:

> The Court may exclude relevant evidence if its probative value is substantially outweighed by one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

    Fed.R.Evid. 608 addresses the admissibility of evidence of a witness's character for truthfulness or untruthfulness.  Fed.R.Evid. 608 (a) provides that:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character.  But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed.R.Evid. 608 (b) addresses specific instances of conduct.

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>     (1) the witness; or
>     (2) another witness whose character the witness being cross-examined has testified about.

    Fed.R.Evid. 609 sets out the rules for attacking  a witness's character for truthfulness by evidence of a criminal conviction.  The Rule provides, in part, as follows:

    (a)  In General.  The following rules apply to attacking  a witness's character for

truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

      (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and

      (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving– or the witness's admitting– a dishonest act or false statement.

(b) Limit on using the Evidence After 10 Years.  This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.  Evidence of the conviction is admissible only if:

      (1) it probative value, supported by specific facts and circumstances, substantially outweighs it prejudicial effect; and

      (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

B.  <u>Discussion</u>

As discussed above, Defendants state that they intend introduce evidence of Plaintiff's prior charges and convictions in their cross-examination of Plaintiff with regard to his claims for damages in connection with his lost employment and for emotional distress. [Doc. 29 at p. 1-2.] Plaintiff seeks to exclude any evidence of his criminal history.  The admission of evidence is a matter within the discretion of the district court and will not be reversed except upon a showing of an abuse of discretion.  *World Wide Association of Specialty Programs v. Pure, Inc.*, 450 F3d. 1132 (10th Cir. 2006).

Plaintiff states that, with regard to his damage claim associated with his lost employment

resulting from the incidents alleged in the Complaint, he is seeking damages *only* for "**lost wages** as a result of this incident, with no bearing on future employment" and that he "does not seek to recover any wages outside of the time he spent away from work while recuperating from physical injuries,  including injuries to Plaintiff's back and hand."  (Emphasis in Motion in Limine.)[Doc. 31 at p. 1.] He states in the Motion in Limine that he is "[c]urrently. . . employed back through Yearout Mechanical, Inc. and he is assigned to 'light duty'" because of his back injury. [Doc. 31 at pp. 1-2.]  It is not clear to the Court if Plaintiff has returned to the job he had prior to his injuries or if this is another job altogether and/or if he is making less money in either case because of the "light duty" designation.  If Plaintiff is strictly limiting his claim for lost wages for the time he was out of work as a result of his injury, the Court will not permit Defendants to introduce evidence of Plaintiff's prior convictions and charges to rebut his damage claim with regard to his lost employment damages.  *However*, if Plaintiff presents a claim for future damages associated with lost employment opportunities at trial, he may open the door to having Defendants cross-examine him on how his employment opportunities have also been affected by his criminal history and the Court will re-evaluate the admissibility of Plaintiff's prior charges and convictions at that time.  *See, e.g., Chamberlin v. City of Albuquerque* , 2005 WL 2313515 (D.N.M. 2005); *Lewis v. District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986).

Plaintiff's claims for emotional distress damages are more open-ended. In his Complaint, Plaintiff alleges damages "including emotional distress and physical injury" [Doc. 1-1 at ¶ 39], "damages as a result of Defendant's actions, including time away from employment and work responding to baseless charges, and other such damages" [Doc. 1-1 at  ¶ 48],  "damages as a result of Defendant's actions, including criminal defense attorney's fees, emotional distress, and physical injury"  [Doc. 1-1 at  ¶ 61], and "damages as a result of Defendant's actions, including

6

time away from employment and work responding to baseless charges, and other such damages."
[Doc. 1-1 at ¶ 71].  In his Motion in Limine he added that his claims for emotional distress
damages are as a result of the "prolonged period of criminal prosecution," [Doc. 31 at p. 3]
presumably associated with the charges resulting from the incidents alleged in the Complaint
which were eventually dismissed.

Plaintiff's claims for emotional distress damages are broad and undefined.  However,
based on the information before the Court, the emotional distress claims may render relevant
Plaintiff's criminal history to rebut the contested issue of emotional distress damages based on
his involvement with the police in this case.  *See Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir.
2001);  *Desmare v. New Mexico,*  2007 WL 5231690, 7 (D.N.M. 2008)(Browning, J.);  *Lewis v.
District of Columbia*, 793 F.2d 361, 363 (D.C. Cir. 1986);  *Chamberlin v. City of Albuquerque* ,
2005 WL 2313515 (D.N.M. 2005).

Based on the brief description of Plaintiff's criminal history, the charges and convictions,
the Court cannot determine at this point whether Plaintiff's criminal history will be relevant and
if so, whether this evidence will be unfairly prejudicial or if it would confuse or mislead the jury.
If the evidence is admitted, the Court will offer a limiting instruction to the jury to consider the
evidence of Plaintiff's criminal history only in connection with their evaluation of damages *after*
they have determined liability.  For now, the Court will defer ruling on the admissibility of
Plaintiff's criminal history as it relates to his claims for emotional distress damages until trial.

Plaintiff's Motion In Limine of Plaintiff Ricky Sanchez To Bar Inquiry Into Previous Criminal Convictions [Doc. 28] is GRANTED in part and DEFERRED in part as set forth herein.

**IT IS SO ORDERED**.

Alan C. Torgerson
United States Magistrate Judge, presiding