IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY SANCHEZ

    Plaintiff,

vs.                                                    No. 1:11-CV-00659-ACT-RHS

ALBUQUERQUE POLICE OFFICER
JOSHUA RICHARDS,

    Defendant.

## PRETRIAL ORDER

This matter is set for trial July 16, 2012, pursuant to Second Amended Trial Notice [Doc. 37]. The parties conferred and submit the following Pretrial Order.

## APPEARANCES

Attorneys who will try the action:

| | |
|---|---|
| For Plaintiff: | GUEBERT BRUCKNER P.C. |
| | Derek V. Garcia |
| | PO Box 93880 |
| | Albuquerque, NM 87199-3880 |
| | Telephone: (505) 823-2300 |
| | dgarcia@guebertlaw.com |
| | *Attorney for Plaintiff* |
| | |
| | Terry Guebert |
| | PO Box 93880 |
| | Albuquerque, NM 87199-3880 |
| | Telephone: (505) 823-2300 |
| | tguebert@guebertlaw.com |
| | *Attorney for Plaintiff* |
| | |
| For Defendant: | Trisha A. Walker, Esq., Assistant City Attorney |
| | City of Albuquerque Office of the City Attorney |
| | PO Box 2248 |
| | Albuquerque, New Mexico 87103-2248 |
| | (505) 768-4500; fax (505) 768-4440 |

1

Stephanie M. Griffin, Assistant City Attorney
City of Albuquerque Office of the City Attorney
PO Box 2248
Albuquerque, New Mexico 87103-2248
(505) 768-4500; fax (505) 768-4440

*Attorneys for Defendants*

## II.  JURISDICTION AND RELIEF SOUGHT

**A.  Subject Matter Jurisdiction.**

   **1.  Was this action removed or transferred from another forum?**  X  Yes ____ No.

If yes, was the action removed or transferred?

X  Removed  _____ Transferred  _____ Original forum

   **2.  Is subject matter jurisdiction of this Court contested?**

X  Uncontested  _____ Contested  _____ Party contesting

   **3.  Asserted basis for jurisdiction.**

X  Federal Question  _____ Diversity  _____ Other

Statutory Provision(s) Invoked: _____

**B.  Personal Jurisdiction and Venue.**

   **1. Is personal jurisdiction contested?**

X  Uncontested  _____ Contested

Identify the party contesting personal jurisdiction and basis for objection:

_____

   **2. Is venue contested?**

X  Uncontested  _____ Contested  _____ Party contesting

**C.  Are the proper parties before the Court?**

      <u>X</u>    Uncontested    \_\_\_\_\_    Contested

If contested, identify each missing party or improper party and the basis for the contention:

    **D. Identify the affirmative relief sought in this action.**

1. Plaintiff seeks: 1) Actual and compensatory damages sufficient to make Plaintiff whole against the Defendants; 2) Punitive damages against Defendant sufficient to punish him and to deter further wrongdoing; 3) Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and 4) Such other and further relief as the Court deems just and proper.

2. Defendant seeks: Judgment in his favor and against Plaintiff on all of Plaintiff's claims, and a recovery of his costs.

3. Other party seeks:

### III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

    **A. Plaintiff's claims:**

The current suit is a civil rights matter, which seeks recovery under both state and federal law. The matter arose from the alleged unlawful seizure and arrest of Plaintiff with excessive force. At all material times, Plaintiff Ricky Sanchez was an adult resident of the State of New Mexico. Defendant Richards was, at all relevant times, a law enforcement officer employed by the Albuquerque Police Department, a governmental agency operated by the City of Albuquerque.

In his Complaint, Plaintiff asserts claims under 42 U.S.C. §1983, alleging violations of

his civil rights as guaranteed by the 4th and 14th Amendments. These violations include unlawful seizure and arrest, excessive use of force, and prosecution without probable cause. Plaintiff also asserts claims for retaliation for exercise of First Amendment right of freedom of speech. In addition, Plaintiff asserts the state tort claims of battery and malicious prosecution against Defendant Richards. Specifically, Sanchez and his supporting witnesses claim that he was aggressively shoved, from behind, by Defendant Officer Richards, while his back was turned and he was leaving the area, leading to a hand and back injury. He also claims to have been fully compliant with officers' orders and not conducting himself in a disorderly manner, unreasonable for the time and place.

B. **Defendant's defenses:** (*A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.*)

Defendant denies that he engaged in any wrongful conduct as Plaintiff contends. Defendant contends he is entitled to qualified immunity because he did not violate Plaintiff's clearly established constitutional rights. In the alternative, Defendant maintains he is otherwise entitled to judgment in his favor because his actions were objectively reasonable under the totality of the circumstances, he used only that amount of force reasonably necessary under the totality of circumstances, that he arrested and charged Plaintiff with crimes as there was probable cause for his arrest, and acted in good faith. For the same reasons, Defendant's immunity has not been waived under the New Mexico Tort Claims Act.

With regard to Plaintiff's claimed damages, Defendant contends that Plaintiff's injuries and/or losses, if any, were proximately caused by the negligence, intentional misconduct or other fault of Plaintiff and/or a third person(s) for which Defendant is not liable. Alternatively, Plaintiff's damages, if any, were sustaining in whole or in part due to an independent, intervening cause rather than due to any fault on the part of Defendant. Additionally, Defendant contends that Plaintiff failed to mitigate his alleged damages. Finally, Plaintiff's punitive

4

damages claim lacks requisite factual support and otherwise fails as a matter of law.

The basis of the Defendant's qualified immunity defense is as follows:

In the early morning of September 4, 2010, Officers Melendrez and Knight were on routine patrol in the downtown area of Albuquerque when the local bars were closing. As these officers were patrolling the area, they observed the Plaintiff attempting to start fights with several people by bumping into them, yelling, and violently pushing people in the crowd. Plaintiff also appeared to be extremely intoxicated. The officers approached the Plaintiff and asked him to leave the area. Plaintiff was not responsive to directions and responded by saying, "fuck off, I don't have to go anywhere." Plaintiff's friend, Manuel Triana, attempted to get the Plaintiff to leave the area, but was pushed away by the Plaintiff. After giving several orders for the Plaintiff to leave the area, Officer Melendrez placed the Plaintiff in an escort position and walked the Plaintiff away from the crowd of people. The Plaintiff was released around the corner from the crowd and was told to continuing walking southbound on Third Street. Plaintiff initially complied with that order but then turned back around and approached Officer Richards, who was standing next to Officer Melendrez. Officer Richards had been summoned by Officer Knight to assist. Plaintiff approached the officers, turned his body and clenched his fists. At this point the Plaintiff was within a few feet of Officer Richards. Plaintiff took another step towards him, as if to strike him. Officer Richards then used two hands and pushed the Plaintiff to create distance between them. Officer Richards took a step back and reached for his pepper spray. After being pushed, Plaintiff lost his balance and fell to the ground. As soon as Plaintiff hit the ground he began to threaten Officer Richards with a lawsuit. Officer Richards called for rescue and waited at the scene with the Plaintiff until paramedics arrived.

Based on the probable cause that was established, Officer Richards filed a Criminal Complaint against the Plaintiff charging him with Disorderly Conduct, Resisting, Failure to Obey, and Assault on a Peace Officer. The Criminal Complaint was not dismissed for lack of

probable cause.

**C. Claims or defenses of other party(s)**

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. The parties are willing to further stipulate to the following facts: any and all facts unconditionally admitted in Defendants' Answer.

Plaintiff Ricky Sanchez ("Plaintiff") is an individual who is a resident of Albuquerque, County of Bernalillo, State of New Mexico. Defendant Richards ("Defendant") is a law enforcement officer for the City of Albuquerque, Man #P5240. Defendant Richards was acting under color of state law and in the course and scope of his employment as a law enforcement officer with the City of Albuquerque. He was sued in his individual capacity.

Former defendant / now witness Benjamin Melendrez (Man #3339) is a law enforcement officer for the City of Albuquerque.

On September 4, 2010, Plaintiff was with his friend, Manuel Triana, outside of One Up Nightclub in downtown Albuquerque, NM, at about 1:30 am in the morning. Plaintiff Sanchez and Triana were told to clear out of the area by Albuquerque Police Officers, giving rise to the subject incident.

Plaintiff was charged by Defendant Richards with Disorderly Conduct, Resisting / Evading / Obstructing an Officer, and Assault on a Peace Officer.

**B. Contested Material Facts.**

   **1.** Plaintiff's Contentions:

Plaintiff Sanchez and his friend moved to the corner where they continued to stand around, hoping to meet girls leaving the bars. Officers C. Knight and Melendrez told Sanchez and

Triana to move along and completely clear out of the downtown, nightclub area. Plaintiff Sanchez said to his friend Triana, 'F—ing cops, they are always trying to harass somebody,' or similar words, while not directly talking to any officer in particular.  Manuel Triana took Plaintiff by the shoulder and said 'let's go,' or similar words, not wanting any conflict with the officers. Overhearing Plaintiff's words, Officer Melendrez placed Plaintiff Richards in an escort position, to escort him from downtown, because he contends Plaintiff was acting in an a rude and aggressive manner and disturbing the peace, while Plaintiff contends he was generally acting peaceably and in a law abiding manner. Plaintiff Sanchez did not physically resist this escort, and began to leave the scene. Plaintiff disputes Defendant's contention that he clenched his fists or in any way threatened physical violence with the officers, nor did he lunge at or "blade" his body in the direction of the officers. Officer belt tapes and/or video tapes of the encounter are non-existent and/or have not been made available.

According to Plaintiff Sanchez, he contends he was walking away, South on 3rd ST, when he was aggressively shoved from behind by Defendant Officer Richards. Plaintiff Sanchez says he never threatened the use of force or fighting words such as 'I will kick your ass,' to any of the officers. According to witness Jonathan Hedgecock, who was standing on the corner with his brother, Billy Hedgecock, Plaintiff Sanchez was walking away with his back turned, when he was attacked from behind by Defendant Richards. Defendant Richards disputes this version of events, saying that Plaintiff Sanchez was "squaring off" with him, and blading toward him aggressively, wishing to fight. Officer Melendrez, in his deposition, admits that he did not believe Plaintiff Sanchez to be a credible threat, nor did he feel Plaintiff to be physically violent toward him or his fellow officers.

The officers' belt tapes, which recorded the incident, were never made available during Plaintiff's criminal proceeding, nor could they be obtained (if preserved or created at all), during pre-filing investigation.

7

Plaintiff Sanchez began bleeding profusely from his hand, suffering two broken fingers, in addition to suffering a back injury. While lying on the ground and in physical pain, Plaintiff Sanchez called 911 to ask for help. After being placed on a back board by responding firefighters and paramedics, Plaintiff was taken by ambulance to Presbyterian downtown hospital, where he was further assessed for injuries.

Plaintiff Sanchez contends he never credibly threatened the use of violence on any officer, and even if his language was strong, it was never perceived by either Officer to be a credible threat, nor did Sanchez "square off" with any officer, wishing to fight or otherwise make threats. Officer Melendrez, in his deposition, admits that he did not believe Plaintiff Sanchez to be a credible threat, nor did he feel Plaintiff to be physically violent toward him or his fellow officers. Both officers Knight and Melendrez claim to not have witnessed the physical attack on Plaintiff. Officer Knight was tending to the officers' bikes, while Officer Melendrez claims to have had his vision obscured by Officer Richard's body. Similarly, other officers at the scene (Werley and Porlis) claim, in their police reports, not to have witnessed Defendant Richards shoving Plaintiff from behind. They claim to have missed seeing the physical interaction between Plaintiff and Defendant.

As confirmed by recording, Plaintiff Sanchez started rescue (ambulance) operations for himself, calling an ambulance by cellphone, before Defendant Richards. Manuel Triana called Plaintiff's father, Canuto Sanchez, who lives downtown, to help his son. After arriving at the scene, Plaintiff's father witnessed several of the officers laughing at the Plaintiff because they thought he was faking his injuries, despite directly witnessing his bloody and broken hand. Since filing his tort claim notice, Plaintiff contends he has been harassed on at least three occasions from APD officers, including an unreasonable investigatory detention, which occurred at an Auto Zone.

    **2.** Defendant's Contentions:

Plaintiff failed to obey officers' lawful orders.

Plaintiff assaulted Officer Richards

Officer Richards used a reasonable amount of force under the totality of the circumstances.

There is no evidence supporting Plaintiff's malicious prosecution claims as there was probable cause to arrest and charge Plaintiff

Plaintiff's state law claim of battery is without merit as Defendant acted reasonably, lawfully, and in good faith under the circumstances.

There is no evidence supporting Plaintiff's First Amendment Retaliation claims.

**3.** Contentions of Other Party(s):

## V.  APPLICABLE LAW

**A.  Do the parties agree which law controls the action?**

   X   Yes          _____  No

**If yes, identify the applicable law:**

42 U.S.C. ' 1983, the Fourth Amendment to the United States Constitution, the New Mexico Tort Claims Act and the law interpreting these provisions.

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

   **1.** Plaintiff

   **2.** Defendant

   **3.** Other party

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

   **1.**  Plaintiff  - Whether Defendant's actions were objectively reasonable under a totality of the circumstances, and whether there was probable cause to charge Plaintiff.

   **2.**  Defendant –

a.) Whether Defendant's actions were objectively reasonable under the totality of circumstances

b.) Whether Defendant is entitled to qualified immunity

c.) Whether Defendant's immunity has been waived under the New Mexico Tort Claims Act

d) Whether there was probable cause to arrest and charge Plaintiff

e) Whether Defendant's actions were objectively reasonable under the totality of the circumstances.

3. Other Party

## VII.  MOTIONS

**A.  Pending Motions (indicate the date filed):**

1. Plaintiff -

2. Defendant –

a) Defendant's Motion in Limine No. I: Motion to Exclude Evidence of Any Allegations of Prior and Subsequent Bad Acts and Any Introduction of Evidence from Unrelated Cases or Claims brought Against Defendant [Doc. 38].  Along with Defendant's Memorandum in Support of Motion in Limine No. I [Doc. 39]

b) Defendant's Motion in Limine No. II: Motion to Exclude Billy Hedgecock from Testfying at Trial [Doc. 40].  Along with Defendant's Memorandum in Support of Motion in Limine No. II [Doc. 41]

3. Other party

**B.  Motions which may be filed:**

1. Plaintiff

2. Defendant: None

3. Other party

The briefing package must be complete and filed with the Court by _____.

## VIII.  DISCOVERY

**A.  Has discovery been completed?** X  Yes _____  No

If no, discovery terminates on  _____.

**B.  Are there any discovery matters of which the Court should be aware?**

**None from Plaintiff**

**None from Defendant**

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony.  This does not, however, apply to a rebuttal witness.  Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony.  If the testimony is by deposition, identify the deposition by page number and line number.  A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A.  Plaintiff's Witnesses:**

**1.**  Plaintiff **will call** or have available at trial the following witnesses, in person:

      A.    Ricky Sanchez, Plaintiff
            c/o Derek Garcia
            Law Office of Derek V. Garcia
            1000 Second Street, N.W.
            Albuquerque, New Mexico 87102
            (505) 244-1400

It is expected that the Plaintiff will testify about his observations and actions during the subject incident, and will provide this testimony in person.

    B.   Officer Benjamin Melendrez
     Albuquerque Police Department
     400 Roma NW
     Albuquerque, NM 87102
     (505) 768-2200 – Phone

It is expected that Defendant Melendrez will testify about his observations and actions during the subject incident, including information concerning his training.

    C. Defendant Officer Joshua Richards (Adverse)
     c/o Assistant City Attorney Trisha A. Walker
     City of Albuquerque Legal Department
     P.O. Box 2248
     Albuquerque, NM 87103
     (505) 768-4500

It is expected that Defendant Richards will testify about his observations and actions during the subject incident, including information concerning his training.

    D.   Officer Cole Knight
     Albuquerque Police Department
     400 Roma NW
     Albuquerque, NM 87102
     (505) 768-2200 – Phone

It is expected that Cole Knight will testify about his observations and actions during the subject incident.

    E. Manuel Triana
     703 3rd Street SW
     Albuquerque, NM
      (505)-514-1799

Friend of Plaintiff, it is expected that Manuel Triana will testify about his observations and actions during the subject incident.

    F. Canuto Sanchez
     722 Pacific SW
     Albuquerque, NM 87102
     (505)-203-3253

It is expected that Canuto Sanchez, Plaintiff's father, will testify about his observations and actions during the subject incident.

12

    G.    Jonathan Hedgecock
         6101 Osuna NE, Apt. 15
         Albuquerque, NM
         (505)-918-1937

It is expected that Jonathan Hedgecock will testify about his observations during the subject incident, including his observation of Defendant Richards shoving Plaintiff while Plaintiff's back was turned.

    H.    Sergeant Bruce Werley
        Albuquerque Police Department
        400 Roma NW
        Albuquerque, NM 87102
        (505) 768-2200 – Phone

It is expected that Bruce Werley will testify about his observations and experiences during the subject incident.

    I.  Officer Dave Porlis
      Albuquerque Police Department
      400 Roma NW
      Albuquerque, NM 87102
      (505) 768-2200 – Phone

It is expected that Officer Porlis will testify about his observations and actions during the subject incident and about his training and experience.

    J. Any witness identified and/or yet to be identified by Defendants.
    K. Any witness necessary to authenticate documents.
    L. Any witnesses for rebuttal purposes.

**Non-expert Treating Physicians:**

  N. Dr. Clayton Conrad, MD
    NM Orthopedics New Mexico Spine
    201 Cedar Street SE, Suite 6600
    Albuquerque, NM 87106
    (505)-724-4300

Evaluated and treated Plaintiff's hand-injury and made the determination that Plaintiff was

eligible to return to work on January 2, 2011.  Dr. Conrad did not evaluate or treat Plaintiff's back injury.  Includes any physicians assistants or medical personnel who transcribed Dr. Conrad's notes and medical records if needed to establish foundation.

    O. Dr.  James C. Bloom, MD
      Atrisco Family Health Center
      C/o Presbyterian Medical Group
      3901 Atrisco Drive Northwest
      Albuquerque, NM
      (505) 462-7575

Evaluated and treated Plaintiff's back-injury and pain radiating down his right leg. Did not evaluate Plaintiff's hand injury.  Includes any physician's assistants or medical personnel who transcribed Dr. Bloom's notes, if needed to establish foundation.  Includes Dr. Kevin Vanderveen regarding prescription hydrocodone tablets.

    P. Dr. Kevin Vanderveen
      1100 Central Ave
      Albuquerque, NM 87125
      (505)-841-1111

Evaluated and treated Plaintiff's hand-injury in addition to Dr. Conrad.  Wrote a work release form authorizing return to work six weeks from 9/11/2010.

   No Experts are expected from the Plaintiff.  If it is determined that one is needed, this information will be supplemented as required by the Federal Rules of Civil Procedure.

**DEFENDANTS:**

**I.**   **Witnesses:**

Defendant **will call** or have available at trial the following witnesses, in person:

    A. Ricky Sanchez, Plaintiff
      c/o Derek Garcia
      Law Office of Derek V. Garcia
      1000 Second Street, N.W.
      Albuquerque, New Mexico 87102
      (505) 244-1400

It is expected that the Plaintiff will testify about his observations and actions during the subject incident.

    B.  Officer Benjamin Melendrez

      c/o Assistant City Attorney Trisha A. Walker
      City of Albuquerque Legal Department
      P.O. Box 2248
      Albuquerque, NM 87103
      (505) 768-4500

It is expected that Defendant Melendrez will testify about his observations and actions during the subject incident, including information regarding his training and experience.

   C. Defendant Officer Joshua Richards
     c/o Assistant City Attorney Trisha A. Walker
     City of Albuquerque Legal Department
     P.O. Box 2248
     Albuquerque, NM 87103
     (505) 768-4500

It is expected that Defendant Richards will testify about his observations and actions during the subject incident, , including information regarding his training and experience.

In is anticipated that Defendant **may** call the following witnesses:

   A. Officer Cole Knight
     c/o Assistant City Attorney Trisha A. Walker
     City of Albuquerque Legal Department
     P.O. Box 2248
     Albuquerque, NM 87103
     (505) 768-4500

It is expected that Cole Knight will testify about his observations and actions during the subject incident, including information regarding his training and experience.

   B. Manuel Triana
     703 3rd Street SW
     Albuquerque, NM
     (505)-514-1799

Friend of Plaintiff, it is expected that Manuel Triana will testify about his observations and actions during the subject incident.

   C.  Sergeant Bruce Werley
     c/o Assistant City Attorney Trisha A. Walker
     City of Albuquerque Legal Department
     P.O. Box 2248

       Albuquerque, NM 87103
       (505) 768-4500

It is expected that Bruce Werley will testify about his observations and experiences during the subject incident, including information regarding his training and experience.

    D. Officer Dave Porlis
      c/o Assistant City Attorney Trisha A. Walker
      City of Albuquerque Legal Department
      P.O. Box 2248
      Albuquerque, NM 87103
      (505) 768-4500

It is expected that Officer Porlis will testify about his observations and actions during the subject incident and about his training and experience.

    E. Any witness identified and/or yet to be identified by Plaintiff.

    F. Any witness identified during discovery

    G. Any witness necessary to authenticate documents.

    H. Any witnesses for rebuttal purposes.

## X. TRIAL PREPARATION

**A. Revised Trial Preparation Order**

  The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. In accordance with the Second Amended Trial Notice [Doc. 37, filed 06/05/12], the parties must exchange exhibits by June 26th, 2012. Objections to exhibits must be filed by July 2, 2012. Witness identification to be conducted no later than June 26th, 2012. Parties shall notify opposing counsel and the court of any depositions to be used at trial, by June 26, 2012. If a deposition is to be used in place of live testimony, counsel shall mark the portions to be used, with Plaintiff using a yellow marker and defendant a blue marker.

Objections to deposition testimony must be made by July 2, 2012.  Witness and exhibit lists shall be filed by July 5, 2012.  Voir Dire exchange by July 9, 2012, with objections to opponents voir dire due by July 12, 2012.  Voir dire is to include a general outline of the areas counsel wishes to cover.  A statement of the case, not more than five lines long, shall be filed within five (5) working days before trial, by July 9, 2012.

**B. Voir Dire.** – *Note:* The parties have agreed to a jury trial.

    **1.** If allowed, do the parties wish to participate in *voir dire*?

        Plaintiff    <u>X</u>  Yes    _____ No

        Defendant  <u> X </u>  Yes    _____ No

Other Party   _____ Yes   _____ No

## XI.  OTHER MATTERS

**A. Settlement Possibilities.**

    **1.** The possibility of settlement in this case is considered:

From Plaintiff:

_____ Poor  <u>X</u> Fair  _____ Good  _____ Excellent  _____ Unknown

From Defendants:

<u> X </u>  <u>Poor</u>    Fair  _____ Good  _____ Excellent  _____ Unknown

    **2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?

        _____ Yes  <u>X</u>_____ No  If yes, when? _____

If a settlement conference has already been held, indicate approximate date.

<u>January 2012</u>

Would a follow-up settlement conference be beneficial?

From Plaintiff: <u>X</u>  Yes  _____  No

From Defendant: ___  Yes  <u>  X  </u>  No

**3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?  If yes, please identify. <u>Plaintiff would agree to either mediation or summary jury trial.</u>  If no, explain why not. A Settlement conference has already been held and Defendant wishes to proceed to trial in lieu of settling the case.

**B. Length of Trial and Trial Setting.**

**1.** This action is a   _____ Bench trial   <u>  X  </u> Jury Trial   _____ Both

**2.** The case is set for trial on <u>July 16, 2012</u>.  If there is no setting, the parties estimate they will be ready for trial by _____.

**3.** The estimated length of trial is <u>4</u> day(s).

## XII.  EXCEPTIONS

## XIII.  MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval.  The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this _____ day of _____, 2012.

**Agreed and Submitted**,

GUEBERT BRUCKNER P.C.

By   */s/ Derek V. Garcia*
Derek V. Garcia
PO Box 93880
Albuquerque, NM 87199-3880
Telephone:  (505) 823-2300
dgarcia@guebertlaw.com
*Attorneys for Plaintiff*

*Electronically approved June 18, 2012 by Trisha Walker*
Stephanie M. Griffin, Assistant City Attorney
Trisha A. Walker, Esq., Assistant City Attorney
City of Albuquerque Office of the City Attorney
PO Box 2248
Albuquerque, New Mexico 87103-2248
(505) 768-4500; fax (505) 768-4440
*Attorney for Defendants*

Approved:

**THE HONORABLE ALAN C. TORGERSON**
United States Magistrate Judge