IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICKY SANCHEZ,

       Plaintiff,

vs.                                                     No. CIV-11-659 ACT/RHS

ALBUQUERQUE POLICE OFFICER,
JOSHUA RICHARDS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Defendant's Motion in Limine No. I: Motion to Exclude Evidence of any Prior and Subsequent Bad Acts and Any Introduction of Evidence from Unrelated Cases or Claims Brought Against Defendant [Doc. 38] and Defendant's Memorandum in Support of Motion in Limine No. I [Doc. 39]; Plaintiff's Response in Opposition to Defendant's Motion In Limine I: Exclusion of Prior Bad Acts [Doc. 51], and Defendant's Reply to Plaintiffs [sic] Response to Defendant's Motion in Limine No. I: Motion to Exclude Evidence of Any Prior and Subsequent Bad Acts and any Introduction of Evidence from Unrelated Cases or Claims Brought Against Defendant [Doc. 55.]

Defendant seeks to exclude evidence of any allegations of prior and subsequent bad acts by Defendant including "[i]nvestigations from Internal Affairs/Citizen Complaints and any discipline flowing from them for Defendant Richards" [Doc. 39 at p. 1] and evidence concerning other unrelated cases, claims, and/or Internal Affairs investigations brought against Defendant (hereafter referred to as the "other acts evidence") pursuant to Fed.R.Civ.P. 104, 401, 402, 403,

and 404.

Plaintiff's claims against Defendant include a Fourth Amendment excessive force claim, a Fourth Amendment "unlawful seizure and arrest," a Fourth Amendment claim for prosecution without probable cause, a First Amendment free speech retaliation claim, and state law tort claims for battery and malicious prosecution. [Doc. 52 at pp. 3-4.] Plaintiff has not filed any municipal or supervisory liability claims in this case. [*Id.*]

Defendant argues that the "other acts evidence" is not relevant nor probative of any of Plaintiff's claims because there are no prior or subsequent internal affairs investigations involving this Plaintiff and this Defendant and also because Plaintiff has not brought a supervisory or municipal liability claim in this case. [Doc. 39 at p. 2.] Defendant also argues that Defendant's "other acts evidence" constitutes improper character evidence under Fed.R.Evid.404(a) and also cannot withstand the balancing test under Fed.R.Evid. 403. [*Id.* at pp. 6-9.]

Although Plaintiff's Response is less than clear, it appears that he intends to use Defendant's "other acts evidence" to challenge Defendant's credibility. Plaintiff correctly states that the "critical issue in this case will be the credibility of Plaintiff versus the credibility of Defendants Richards." [Doc. 51 at p. 1.] He argues that Defendant's deposition testimony regarding a November 2009 incident in a local bar, the Library Bar and Grill, which resulted in a complaint filed against Defendant for not running a belt tape and for use of a particular forearm strike[1] is both relevant and probative of Defendant's intent and motivation in this case. [Doc. 51

---

[1]This is the only "other acts evidence" that Plaintiff refers to in his Response. He makes no reference to any other complaints or any "unrelated lawsuits/claims brought against the Defendant." [Doc. 39 at p. 1.]

2

at pp. 2-3, 7.] Plaintiff wants to examine Defendant about this prior incident at trial to discredit Defendant's assertion as to why he did not turn on his belt tape during the incident involving the Plaintiff. [*Id.*] He also claims, without citation or support, that these alleged "prior bad acts" are probative of his First Amendment retaliation claim. [*Id.* at pp. 6-7.] Plaintiff states that he has not obtained Defendant's internal affairs file and requests that the Court conduct an in-camera review of the file because "it is difficult to assess the precise contents of Officer Richard's internal affairs file." [Doc. 51 at p. 5, 8.]

As an initial matter, Plaintiff is seeking an in-camera review of Defendant's internal affairs file. Defendant points out that Plaintiff did not serve any discovery on Defendant in this case. [Doc. 55 at p. 1.] Discovery was terminated on March 12, 2012 [Doc. 13], and both parties represented in the Pretrial Order that there were no discovery matters of which this Court should be aware [Doc. 52 at p. 12]. Trial is scheduled to begin on July 16, 2012. [Doc. 50.] To the extent that Plaintiff is asking to reopen discovery, any such request is denied. Counsel for Plaintiff could have asked for the Internal Affairs file after he discovered its existence at Defendant's deposition taken on December 2, 2012, more than three months before the close of discovery. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir.1987)(listing factors to consider when determining if discovery should be reopened.) Therefore, Defendant's Motion in Limine is treated as involving only the issue of cross examination of Defendant regarding the 2009 incident at the Library Bar and Grill, and not the contents of Defendant's internal affairs file.

The admission of evidence is a matter within the discretion of the district court and will not be reversed except upon a showing of an abuse of discretion. *World Wide Association of Specialty Programs v. Pure, Inc.,* 450 F.3d 1132 (10th Cir. 2006). The admissibility of the

evidence at issue in Defendant's Motion in Limine No. I is governed by Rule 401 and Rule 404(a) of the Federal Rules of Evidence. The evidence of how Defendant Richards acted on another occasion is inadmissible under Fed.R.Evid. 401 because it has no "tendency to make [how he acted on this occasion] more or less probable" nor is it of any consequence in determining how he acted on this occasion. Fed.R.Evid. 401(a) and (b). Defendant Richards' actions on this occasion will determined by whether his actions were ". . . 'objectively reasonable' in light of the facts and circumstances confronting . . .[him] without regard to . . . [his] underlying intent or motivation." *Robinson v. City of St. Charles, Mo.,* , 972 F.2d 974, 976 (8th Cir. 1992) *quoting Graham v. Connor*, 490 U.S. 386, 397 (1989).

Evidence of the prior incident is also inadmissible under Rule 404(a) which provides: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." In a civil case "evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." Advisory Committee Notes, 2006 Amendments. However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). If Fed.R.Evid. 404(b) is applicable, the evidence is admissible only if four factors are satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court provides an appropriate limiting instruction upon request. *Chavez v. City of Albuquerque,* 402 F.3d 1039, 1046 (10th Cir. 2005) *citing United States v. Brooks*, 161 F.3d 1240, 1243 (10th Cir.1998) and *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988).

Here, the Defendant's "other acts evidence" constitutes character evidence which is

4

prohibited by Fed.R.Evid. 404(a).   The use of character evidence is discouraged because "it carries serious risks of prejudice, confusion and delay."   Fed.R.Evid. 404, Advisory Committee Notes, 2006 Amendments, *citing Michelson v. United States*, 335 U.S. 469, 476 (1948).  In most instances the Tenth Circuit is "unwilling to permit a jury to infer that an individual performed the alleged acts based on a particular character trait." *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986); *see also Tanberg v. Sholtis*, 401 F.3d 1151, 1167-68 (10th Cir. 2005).

Plaintiff's argument that Defendant's "other acts evidence" should be admitted under Fed.R.Evid. 404(b) as probative of motive or intent is also unavailing. [Doc. 51 at p. 6-7.] Plaintiff's use of the "other acts evidence" to show motive or intent would go to show Defendant's subjective state of mind on the night of the incident alleged in this case.  This is not permitted in a Fourth Amendment excessive force case.

As noted above, under federal law, claims for excessive force are analyzed under the Fourth Amendment reasonableness standard.  *Graham v. Connor*, 490 U.S. 386, 395 (1989). This is an objective standard in which an officer's personal motivation in using a particular degree of force is irrelevant: "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id.* at 397.  Under the objective standard, evidence tending to show Defendant's subjective state of mind is irrelevant to the jury's inquiry on Plaintiff's Fourth Amendment excessive force claim.   The "other acts evidence" is irrelevant and inadmissible with regard to Plaintiff's Fourth Amendment claim.

In their Reply brief [Doc. 55] Defendants object to *any questions* about Plaintiff's use, or non-use, of a belt tape and the Albuquerque Police Department's standard operating procedure regarding the use of belt tapes  ("SOPs").  Defendants also object to any reference to the SOP on

belt tapes or any questioning of Defendant as to whether he used his belt tape, and if not, why not.  Defendants rely on Tenth Circuit case law which holds that a 1983 claim cannot be predicated upon an alleged policy violation.  *See Tanberg v. Sholtis,* 401 F.3d 1151, 1163 (10th Cir. 2005).  They argue that if Plaintiff asserts that a reasonable officer would have had his belt tape on as policy required, then that would  suggest to the jury that it was plausible to believe that the Defendant had an improper state of mind and interject a subjective consideration into what should be a consideration only of what was reasonable under the circumstances.  *See, e.g., Whren v. United States*, 517 U.S. 806, 813-814 (1996).   "Instead of asking whether the individual officer had the proper state of mind. . . [Plaintiff]. . .  would have us ask, in effect, whether it is plausible to believe that the officer had the proper state of mind." *Whren v. U.S.,* 517 U.S. at 814.   This is not permitted in a Fourth Amendment excessive force analysis which considers only what is reasonable under the circumstances.  Therefore, Plaintiff will not be permitted to ask Defendant questions about the SOP, or whether he turned on his belt tape and, if not, why not.

With regard to his First Amendment retaliation claim Plaintiff suggests, without more, that the Fed.R.Evid. 404(b) exceptions for admission of character evidence are relevant and the "other acts evidence" is therefore admissible. [Doc. 51 at p. 5.]  The Court cannot discern any relevance of the Defendant's "other acts evidence" to Plaintiff's First Amendment retaliation claim.  In addition, although not discussed by Plaintiff,  the Court finds that the Defendant's "other acts evidence" is not relevant to his Fourth Amendment unlawful seizure and arrest claim, his Fourth Amendment claim for prosecution without probable cause, or his state law claims for battery and malicious prosecution.

Finally, Defendant's "other acts evidence" is inadmissible under the balancing test

required under Fed.R.Evid. 403 which provides that evidence, although relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury."  The probative value of Defendant's conduct in one incident which occurred eleven months before the night in question is minimal to none.  If the Court were to permit the admission of this evidence, it would convert the trial into another mini-trial regarding the prior incident.  That, the Court declines to do.   The Defendant's "other acts evidence" is therefore inadmissible under of Fed.R.Evid. 403 because its probative value is substantially outweighed by the danger of unfair prejudice to the Defendant and could result in confusion of the issues or mislead the jury.

For the reasons discussed herein, any evidence of any alleged prior or subsequent bad acts by Defendant including "[i]nvestigations from Internal Affairs/Citizen Complaints and any discipline flowing from them for Defendant Richards" and evidence concerning other unrelated cases, claims, and/or Internal Affairs investigations brought against Defendant [Doc. 39 at p. 1] will be excluded from the trial.  Likewise, Plaintiff will not be permitted to ask Defendant Richards or any other witnesses about SOPs regarding the use of belt tapes and whether any of the police officers involved in the incident which is the subject of this lawsuit used their belt tapes on the night in question.

IT IS THEREFORE ORDERED that Defendant's Motion in Limine No. I: Motion to Exclude of Any Allegations of Prior and Subsequent Bad Acts and any Introduction of Evidence From Unrelated Cases or Claims Brought Against Defendant [Doc. 38] is GRANTED.

_____
Alan C. Torgerson
United States Magistrate Judge, presiding